UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LASHONDA LYNN HOLMES,

                Plaintiff,                                         **ORDER**

           v.                                         6:22-CV-06089 EAW

C.I.A. (CENTRAL INTELLIGENCE
AGENCY),

                Defendant.
_____

Plaintiff Lashonda Lynn Holmes ("Plaintiff") commenced this action on February 22, 2022. (Dkt. 1). A summons was issued as to Defendant C.I.A. (Central Intelligence Agency) ("Defendant" or the "C.I.A.") that same day. On March 25, 2022, Plaintiff filed an Affidavit of Service indicating that Defendant had been served on March 15, 2022, by delivering the summons and complaint on a party in McClean, Virginia, who was authorized to accept service. (Dkt. 3).

Federal Rule of Civil Procedure 4(i) sets forth the procedure for service on "the United States, its Agencies, Corporations, Officers, or Employees." To serve the United States, a plaintiff must "deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought . . . or send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office," and must also "send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C." Fed. R. Civ. P. 4(i)(1)(A), (B). To serve an agency of the United States—such as the C.I.A.—a plaintiff "must serve the United States

- 1 -

and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i)(2). The proof of service filed by Plaintiff does not demonstrate that she has complied with these legal requirements. Further, her time for doing so has expired.

Rule 4(m) of the Federal Rules of Civil Procedure provides: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

In light of Plaintiff's *pro se* status and her attempt at service, the Court finds that dismissal would not be appropriate. Instead, the Court *sua sponte* extends Plaintiff's time to serve Defendant to **December 23, 2022**. **Plaintiff is warned that if she fails to serve Defendant in compliance with Rule 4(i) by this extended deadline, her claims will be dismissed without prejudice.**

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: October 24, 2022
       Rochester, New York